**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAMS ALVARADO CASTRO,<br>Petitioner,<br>v.<br>WARDEN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-5980-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus" ("the Petition") on October 7, 2026. Respondents failed to file any timely Answer to the Petition.[1]

///

///

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding the "Notice of General Order 26-05, etc." ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner, a citizen of Venezuela, entered the United States in September of 2023. Immigration authorities paroled Petitioner from detention the same month. Thereafter, Petitioner attended all check-ins, hearings and appointments required by the conditions of his supervision.

Petitioner filed an application for asylum, which is still pending. There is no final order of removal. Petitioner received a work permit and has maintained employment. Petitioner's only encounter with the criminal justice system was a DUI conviction in 2025. Even after this conviction, Petitioner was allowed to remain at liberty under immigration supervision.

On September 30, 2026, ICE re-detained Petitioner when Petitioner appeared for a scheduled asylum interview. According to Petitioner, an immigration judge subsequently advised Petitioner that no bond hearing could be held.

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).

///

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate noncitizens' challenges to ICE detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333

(1976) ("Mathews").

A noncitizen alien previously released on parole possesses a protected liberty interest in remaining undetained. See Fernandez Lopez v. Wofford, 2025 WL 2959319, at *2 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025). Petitioner's September 30, 2026 detention without prior notice or a prompt opportunity to be heard violated his due process rights. See Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025) (applying Mathews to find that detention of paroled alien without the possibility of re-release violated due process); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025) (applying Mathews to find a likelihood of a due process violation where ICE detained without a hearing an alien who had been on immigration supervision); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14 (D. Nev. Nov. 3, 2025) (finding violations of procedural and substantive due process); accord Pinchi v. Noem, 2025 WL 3691938, at *30-31 (N.D. Cal. Dec. 19, 2025); Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5; Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (same); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

Under these circumstances, the appropriate remedy is immediate release, subject to reasonable conditions. See, e.g., Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases).[2]

///

///

///

---

[2] Even if the process that would be due as of September 30, 2026, were limited to a prompt, post-detention bond hearing, Petitioner has been denied such a hearing.

**CONCLUSION**

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and ordering Respondents to release Petitioner (A# 244-198-223) from detention immediately, subject to reasonable conditions.[3]

DATED: October 19, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[3] Petitioner has failed to justify any different or additional form of habeas relief.